IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN ROSE,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF UTAH; UTAH STATE BAR; BILLY WALKER; CAROLYN COX; BARBARA TOWNSEND; ARTHUR BERGER; and JOHN and JANE DOES,<br><br>                    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:09-CV-695-TC |

*Pro se* plaintiff Susan Rose[1] has filed a motion under 28 U.S.C. § 455, contending that this court must recuse itself[2] from hearing Ms. Rose's case against the State of Utah, Utah State Bar, and certain named individuals because of an alleged conflict of interest. For the reasons set forth below, the court holds that Ms. Rose has not established any objective reason for recusal. Accordingly, the court DENIES her motion for disqualification (Docket No. 26).

**Governing Standards**

The grounds for recusal are set forth in a federal statutory provision 28 U.S.C. § 455 (titled "Disqualification of justice, judge, or magistrate judge"), which provides in relevant part

---

[1] Even though Ms. Rose proceeds *pro se*, the court does not consider this fact relevant because Ms. Rose is a licensed attorney.

[2] Ms. Rose, in her motion, actually seeks recusal of all judges sitting within the District of Utah, but as this court has been assigned the case, it can only rule on the matter for this particular court and no other judge.

as follows:

>   (a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>   (b)   He shall also disqualify himself in the following circumstances:
>
>   >   (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a)-(b)(1).

The test for recusal under § 455(a) is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). See also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (the question is "whether a reasonable factual basis exists for calling the judge's impartiality into question."). In other words, the standard is an objective one.

Furthermore, under § 455, "factual allegations do not have to be taken as true. Nor is the judge limited to those facts presented by the challenging party." Hinman, 81 F.2d at 939 (internal citations omitted). Rather, "[t]he inquiry is limited to outward manifestations and reasonable inferences to be drawn therefrom." Cooley, 1 F.3d at 993.

As for § 455(b)(1), conclusory allegations of bias do not suffice. Hinman, 831 F.3d at 939. See also Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir. 1988) ("[A] motion to recuse cannot be based solely on adverse rulings."). And familiarity with the litigant or the dispute being litigated, which was gained by presiding over a related case, does not justify recusal. See, e.g., Liteky v. United States, 510 U.S. 540, 550-51, 553 (1994) (citing section 455(b), the Court stated that "opinions held by judges as a result of what they learned in earlier

[judicial] proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice'" and that "personal knowledge of disputed evidentiary facts" means knowledge gained from extrajudicial source); United States v. Page, 828 F.2d 1476, 1481 (10th Cir. 1987) ("Section 455(b)(1) . . . applies to knowledge which the judge obtained extrajudicially, *e.g.*, through prior representation of a party or by witnessing the events at issue in the proceeding.  Section 455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings.").

**Plaintiff's Contentions**

Ms. Rose contends that because she is bringing suit against the Utah State Bar, the judges in this district, as members of the Utah State Bar, have a perceived conflict of interest that justifies her motion to recuse.  She also points to recusals by other judges in this district in a related case by Ms. Rose against the Utah State Bar[3] as evidence that this court should recuse.  And she contends that in that earlier case, over which this court presided, this court "offered [Ms. Rose] the option of having a judge outside Utah hear the matter." (Mem. Supp. Mot. Disqualify (Docket No. 27) at 4.)  She concludes that such information "would cause a reasonable person to believe they should recuse themselves immediately in this case where . . . there is a substantial risk the judge may have to rule against Utah state and the Utah Bar Association, of which they are members . . . ."  (Id. at 6.)[4]

---

[3](See Civil Case No. 2:08-CV-592 (D. Utah).)

[4]She also states that the court should recuse itself because "Younger exceptions are being strongly argued . . . ."  (Mem. Supp. Mot. Disqualify at 6.)  The court does not see the relevance of this circumstance to the issue of recusal.  Moreover, the court will not consider Ms. Rose's arguments on the merits of the case to determine whether recusal is necessary.

**No Objective Evidence to Support Recusal**

Ms. Rose does not provide evidence showing a reasonable factual basis for calling the court's impartiality into question. The fact that a judge may be a member of the Utah State Bar is not remarkable, even if the Utah State Bar is a party; such a circumstance does not point to partiality for or against either side in this dispute. And the fact that other judges have recused in earlier proceedings has no bearing on the issue before this court. Ms. Rose's leaping inferences are simply untenable. See, e.g., Hinman, 831 F.2d at 939 ("[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.").

For all of the foregoing reasons, the court finds that disqualification under 28 U.S.C. § 455 is not warranted. Consequently, the court DENIES Ms. Rose's Motion to Disqualify (Docket No. 26).

DATED this 4th day of September, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge